959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Arthur FRIEND, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Respondent-Appellee.
 No. 91-35537.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Arthur Friend, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 On October 26, 1960, Friend pleaded guilty to first degree rape. In 1965, Friend filed his first federal habeas petition and alleged that his plea was unconstitutional because the state breached its promise that in exchange for pleading guilty, Friend would be enrolled in a sexual psychopath program. The district court denied the 1965 petition, and both the district court and this court denied Friend's request for a certificate of probable cause. In 1989, Friend filed his second federal habeas petition and alleged that his plea was not voluntary and intelligent because (1) he was not mentally competent to enter a guilty plea due to his low intelligence and schizoid personality; and (2) the state breached the plea agreement.
 
 
 4
 The district court did not err by dismissing Friend's habeas petition as delayed and successive without holding a hearing or appointing counsel to represent him. Friend raised the claim that the state breached the plea agreement in his 1965 petition, and this claim was determined adversely to him on the merits. See Sanders v. United States, 373 U.S. 1, 15-16 (1963); Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.[1] Moreover, the ends of justice would not be served by reaching the merits of this claim again because Friend has made no colorable showing of factual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion). Finally, Friend's claim that he was not mentally competent to plead guilty was properly dismissed under Rule 9(a) of the Rules Governing Section 2254 Cases because his twenty-nine year delay in raising this claim has prejudiced the state's ability to respond. See Harris v. Vasquez, 949 F.2d 1497, 1510-11 (9th Cir.1991), cert. denied, 112 S.Ct. 1275 (1992).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Friend's argument, the district court was not required to hold an evidentiary hearing in order to render a determination on the merits of his 1965 petition